**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACKIE PETTY,

　　　　　Petitioner – Appellant,

v.

JAMES RUDEK, WARDEN,

　　　　　Respondent - Appellee.

No. 11-6140
(D.C. No. 5:10-CV-01009-W)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

_____

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

_____

Jackie Petty, an Oklahoma state prisoner, wants to appeal from the denial of his 28

U.S.C.§ 2254 habeas petition. He challenges the effectiveness of trial counsel, claims the

trial court erred when it denied his request for a mistrial, and contends the evidence was

insufficient to support his conviction. The district court concluded he did not make "a

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).

Because that decision is not even debatably incorrect we deny his request for a Certificate

of Appealability (COA).

## I.　BACKGROUND

A jury rejected Petty's claim of self-defense and determined he was guilty of the

first-degree murder of his brother. On September 18, 2007, Petty was sentenced to life imprisonment with the possibility of parole. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction. *Petty v. State*, No. F-2007-961 (Okla. Crim. App. Feb. 26, 2009). Petty unsuccessfully applied for post-conviction relief in the state district court and on appeal. *Petty v. State*, No. CF-2005-6689 (Okla. Dist. Ct. June 16, 2010); *Petty v. State*, No. PC-2010-681 (Okla. Crim. App. Sept.15, 2010). He then filed his federal habeas petition which alleged his trial counsel was ineffective; (1) counsel's efforts were focused on defending himself from criminal and disciplinary charges rather than Petty's defense, and (2) counsel unreasonably pursued an "all or nothing" defense by rejecting a manslaughter instruction. He also claimed his trial was fundamentally unfair because jurors were intimidated by the court's investigation of a reported attempt to bribe a juror. Finally, he contended the evidence was insufficient to sustain the charge of first degree murder. The magistrate judge recommended Petty's habeas petition be denied. Over Petty's objections and after a de novo review, the district court adopted the magistrate's reasoning and denied Petty's petition.

The district court determined the OCCA was not unreasonable in concluding trial counsel's strategy to limit the jury's options to acquittal or first-degree murder was not ineffective under the deferential *Strickland v. Washington*[1] standard. The court also found Petty's remaining theories based on his counsel's personal issues were grounded in speculation connected only by temporal proximity, and Petty had failed to present legal

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1964).

or factual support for this claim.

The OCCA rejected Petty's second claim, based on the trial judge's investigation into the attempted bribery of a juror and his subsequent denial of a mistrial because the record did not support an inference that the juror in question, who was excused, related the incident to any other juror. It also found the record contained no suggestion the jury was tainted in any way -- a finding which is entitled to deference. The district court held the OCCA's denial of Petty's claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent.

Finally, the OCCA rejected Petty's sufficiency-of-the-evidence claim by reasoning:

> The victim was shot three times; two of the injuries were independently fatal; one of the shots was fired downward into the top of the victim's skull at very close range. There was evidence that the shots were not fired in rapid succession. Given the number, location, and timing of the gunshot wounds, a rational trier of fact could find, beyond a reasonable doubt, that [Petty] . . . acted with malice aforethought.

(Summary Opinion at 2.) The district court held the OCCA's determination was reasonable. It denied Petty's request for an evidentiary hearing because Petty's "conclusory requests fall short of the standards that would entitle him to an evidentiary hearing and because [his] claims can be resolved on the record." (App. at 49.)

Following Petty's notice of appeal, the court denied a COA. Petty now renews his request for a COA with this Court.

## II. II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of

habeas corpus. *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotation marks omitted).

We have thoroughly reviewed the entire record as well as Petty's combined brief and request for a COA. We conclude the OCCA's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor did it "result[ ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We agree with the district court's adjudication of the remaining claims; they are either procedurally barred or Petty failed to show they satisfied the "highly deferential" standard applied to the ineffective assistance of counsel claims. *See Harrington v. Richter,* 131 S.Ct. 770, 788 (2011) (quotation marks omitted).

We **DENY** a COA and **DISMISS** this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 4 -